| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE PORTER SUPERIOR/CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF PORTER | ) | |

UNION COMMUNITY CHURCH, INC. )
UNITED CHURCH OF CHRIST )
          )
v.         ) CAUSE NO:
          )
LEXINGTON INSURANCE COMPANY )
          )
   Defendant.    )

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Union Community Church, Inc United Church of Christ, by counsel, Meghann Chonowski of HAIR SHUNNARAH TRIAL ATTORNEYS and for its Complaint for Damages against Defendant, Lexington Insurance Company ("Lexington") and states as follows:

### The Parties

1. At all times relevant herein, Plaintiff has been an incorporated non-profit organization located in Porter County in Indiana.

2. At all times relevant hereto, Plaintiff owned certain real estate and improvements located at 602 Monroe, Valparaiso, IN 46384 (the "Property").

3. At all times relevant hereto, Lexington is a national insurance company with its headquarters in Boston, Massachusetts, and doing business throughout the United States.

4. At all times relevant hereto, this Court has jurisdiction because it is licensed to do business in Indiana and has done business in Indiana on a regular basis.

5. Venue is proper in Porter County, since the property location, is located within Porter County.

### The Facts

6. The relevant term of coverage for the Policy is January 1, 2020, through January 1, 2021 (the "Term").

7. The Lexington policy issued to Plaintiff is Policy Number 08453360 ("the Policy"). (Attached hereto as Exhibit "A" is a certified copy of the Plaintiff's Policy).

8. The Policy provided building and contents coverage.

9. Plaintiff paid all Policy premiums that became due during the Term.

10. On or about April 7, 2020, the Property sustained interior and exterior damage as a result of a hail and windstorm (the "Loss").

11. Plaintiff contacted Lexington and made a claim under its commercial insurance coverage for structural damage to the building and contents.

12. Lexington received timely notice of the Loss and Plaintiff's claim, and further assigned it Claim Number DHD2914, with a date of loss of April 7, 2020.

13. Since that time, Plaintiff has cooperated with Lexington's investigation of the Loss and has further complied with all terms and conditions of the Policy.

14. Plaintiff hired Public Service Adjusting, LLC ("PSA") to assist with its claim.

15. PSA on behalf of the Plaintiff sent Lexington numerous photos of Plaintiff's wind and hail damaged property and interior damage.

16. Lexington sent an engineer to examine the property. The engineer's report was fraught with inconsistencies, incorrect facts, and was issued by an engineer who was not at the scene during the examination and was not licensed in Indiana.

17. On or January 22, 2021, Lexington confirmed damage to the property, including dislodged shingles, and interior water damage. However, Lexington miscategorized how the damage occurred and improperly denied coverage of the storm damage.

18. PSA on behalf of the Plaintiff urged Lexington to perform a second inspection due to the erroneous report.

19. Counsel for the Plaintiff implored Lexington to re-evaluate the engineer report and the discrepancies therein in. Plaintiff demanded a new inspection by an agreed qualified engineer and Lexington has refused to comply. The prolonged wait has caused further damage to the Plaintiff's property.

20. On November 2, 2021, Lexington issued a non-renewal of the insurance policy to the Plaintiff claiming an "adverse claim history." However, it was Lexington that refused to pay for the covered loss after Plaintiff made the claim and failed to properly investigate the damages prior to denying the claim.

21. Plaintiff has not excused Lexington's non-performance of its obligations under the Policy.

## COUNT I
## BREACH OF CONTRACT

1-21 Plaintiff repeats and re-alleges rhetorical paragraphs 1-21, as if fully reincorporated herein.

22. The Policy is a valid contract ("Contract") between Plaintiff and Lexington.

23. In addition to the provisions in the Policy, amendments and endorsements, the Contract further includes additional provisions required by law, as well as an obligation by Lexington to exercise a covenant of good faith and fair dealing toward the Plaintiff.

24. Lexington has breached its Contract with the Plaintiff in one or more of the following ways:

    a. Misrepresenting the terms and conditions of coverage;

    b.    Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the insurance policy;

    c.    Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the policy;

    d.    Refusing to pay claims without conducting a reasonable investigation based upon all available information;

    e.    Not attempting in good faith to effectuate prompt, fair, and equitable settlements of the claim in which liability is reasonably clear;

    f.    Misrepresenting the extent of damage to Plaintiff's property;

    g.    Failing and refusing to pay for necessary services for Plaintiff's claim;

    h.    Failing and refusing to pay Plaintiff pursuant to the coverage for which it paid premiums;

    i.    Unnecessarily delaying the handling of the Claim, without legal excuse or justification;

    j.    Failing and/or refusing to properly inspect and/or investigate the loss; and

    k.    Failing to exercise good faith and fair dealing in its handling of Plaintiff's Claim.

25.    As a direct and proximate result of Lexington's breach of contract with the Plaintiff, it has suffered damages, including but not limited to:

    a)    The loss and damage to its property without indemnification provided for in the Policy;

    b)    The loss of use of its property and other insurance benefits;

    c)    The increased cost to repair and/or replace the Property insured; and

      d)     Other consequential damages.

WHEREFORE, Plaintiff, Union Community Church, Inc United Church of Christ, by counsel, respectfully requests judgment in his favor and against Defendant Lexington Insurance Company and further requests the following relief:

    A.    For the payment of all proceeds available and due under the Policy;

    B.    For all reasonable compensatory and consequential damages;

    C.    For recoverable pre-judgment and post-judgment interest; and recoverable attorney fees and costs; and

    D.    For all other just and proper relief in the premises.

## COUNT II – BAD FAITH/BREACH OF COVENANT OF GOOD FAITH

1-25.    Plaintiff repeats and re-alleges rhetorical paragraphs 1-25, as if fully reincorporated herein.

26.    In addition to breaching its Contract with the Plaintiff, Lexington further breached its covenant of good faith and fair dealing with him in one or more of the following manners:

    a.)    By failing and refusing to properly pay Plaintiff pursuant to the coverage for which it paid additional premiums and costs;

    b.)    By causing an unfounded delay in making payment to Plaintiff;

    c.)    By deceiving Plaintiff as to the actual insurance coverage and claim process;

    d.)    By misrepresenting pertinent facts and insurance policy provisions relating to the claims and coverages at issue;

    e.)    By misrepresenting the terms and conditions of coverage;

f.) By failing to settle a claim that in good faith cannot be disputed; and

g.) By compelling Plaintiff to file this action to properly recover under the insurance coverage.

27. Lexington's actions were made in bad faith and/or a breach of the covenant of good faith and fair dealing to Plaintiff and has resulted in additional injury and damage to Plaintiff, including but not limited to consequential damages.

WHEREFORE Plaintiff, Union Community Church, Inc United Church of Christ, by counsel, respectfully requests judgment in its favor and against Defendant Lexington Insurance Company and further requests the following relief:

A. For all reasonable compensatory and consequential damages at law;

B. For all recoverable punitive damages at law;

C. For recoverable pre-judgment and post-judgment interest; and recoverable attorney fees and costs; and

D. For all other just and proper relief in the premises.

Respectfully submitted,

HAIR SHUNNARAH TRIAL ATTORNEYS

BY: _____
Meghann Chohowski, Esq. #35143-64
2005 Valparaiso Street, Suite 122
Valparaiso, Indiana 46383
(219) 247-8700
meghann@hairshunnarah.com
Counsel for Plaintiff

## JURY DEMAND

PLAINTIFF, BY COUNSEL, DEMAND TRIAL BY JURY.

Respectfully submitted,

HAIR SHUNNARAH TRIAL ATTORNEYS

BY: _____
Meghann Chonowski, Esq. #35143-64
2005 Valparaiso Street, Suite 122
Valparaiso, Indiana 46383
(219) 247-8700
meghann@hairshunnarah.com
Counsel for Plaintiff

## CERTIFICATE OF FILING

*I certify that on the 22nd day of March 2022, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS).*

BY: */s/Meghann L. Chonowski*